# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-20288
_____


**ALFRED BINGHAM,**

**Plaintiff-Appellant,**

**versus**

**MENTOR CORPORATION,**

**Defendant-Appellee.**

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (CA-H-94-0025)
_____

January 5, 1996

Before JONES, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

Per Curiam[1]:

Appellant Alfred Bingham ("Bingham") appeals the district court's judgment that all of his claims against Mentor Corp. ("Mentor") were preempted as a matter of law by § 360k of the Medical Device Amendments of the Food, Drug & Cosmetics Act and the court's grant of summary judgment to Mentor on that ground. Because this court has already decided the precise issues raised on this appeal in _Feldt v. Mentor Corp.,_ 61 F.3d 431 (5th Cir. 1995), we affirm the grant of summary judgment in part, reverse in part, and remand.

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**DISCUSSION**

Although Bingham raised several claims against Mentor in the district court for injuries he allegedly suffered when his Mentor Mark II inflatable penile prosthesis failed, he asserts on appeal only claims for design defects, a failure to warn, and for violations of the Texas Deceptive Trade Practices Act ("DTPA").

The district court properly granted summary judgment to Mentor against Bingham's claims for a failure to warn and for violations of the DTPA. As this court recently explained in *Feldt*, § 360(k) preempts claims that "are grounded on allegations of inadequate warnings or labeling. The district court did not err in finding [such a] failure-to-warn claim [preempted.]" *Feldt*, 61 F.3d at 436. Likewise, because Bingham's only DTPA claim "relate[s] to general marketing or advertising of the device, [it is] preempted by the FDA's explicit regulations on labels and warnings." *Feldt*, 61 F.3d at 438.

Although it properly granted summary judgment on Bingham's claims for failure to warn and for violations of the DTPA, the district court erred when it did so for Bingham's design defect claim. This court in *Feldt* refused to hold such claims preempted because

> [a]t the very least, then, the nexus between the state and federal requirements is much weaker with respect to design defects than it is with respect to manufacturing and labeling, and we find this nexus inadequate to justify the displacement of state law regarding defective design.

2

*Feldt,* 61 F.3d at 438. Consequently, Bingham's state law claims against Mentor for defective design of his penile prosthesis are not preempted by § 360(k) and survive a summary judgment on that basis. As defense counsel are aware, one panel of this court cannot overrule a prior, panel decision.

## CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**